# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
DERRICK JAVON LINDSAY,        )
                              )
       Plaintiff,             )
                              )
    v.                        )      1:11CV67
                              )
ROBERT C. LEWIS, et al.,      )
                              )
       Defendants.            )
```

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion for Physical and Mental Examination of Persons (Docket Entry 22). For the reasons that follow, the Court will deny the instant Motion.

### BACKGROUND

This case began when Plaintiff filed a pro se form Complaint under 42 U.S.C. § 1983 (Docket Entry 2), along with a request to proceed as a pauper (Docket Entry 1). The Complaint named as Defendants:

1) Robert C. Lewis, the "Director of Prisons" for North Carolina's Department of Correction (Docket Entry 2 at 2);

2) "S. Patterson, Sargeant [sic], Scotland Correctional Institution" (id.);

3) "M. Martin, Transport Officer, Scotland Correctional Institution" (id.);

4) "Joel Harron, Superintendent, Scotland Correctional Institution" (id.);

5) "Eric Jones, Sargeant [sic] of Transportation, Scotland Correctional Institution" (id. at 3); and

6) Alvin Keller, Jr., "Secretary" of North Carolina's Department of Correction (id.).

Under the heading "Statement of Claim," the Complaint describes an alleged incident on June 3, 2010, in which:

1) Defendants Patterson and Martin transported Plaintiff in shackles by van from Scotland Correctional Institution to Central Prison for an eye exam (id. at 4);

2) Plaintiff's shackles got caught in the steps of the van as he disembarked at Central Prison, "caus[ing] [him] to fall face first onto the pavement" (id.); and

3) Plaintiff suffered injuries which required immediate and follow-up attention from dentists (id. at 5-6).

The Complaint asserted that:

1) Defendants Patterson and Martin are liable for transporting Plaintiff in a manner they knew placed him at risk without taking steps to prevent the injury that resulted (id. at 7-8); and

2) Defendants Lewis, Harron, Jones, and Keller are liable for setting policies and failing to alter conditions related to

inmate transportation that they knew put Plaintiff at risk (id. at 8-9).

The Court, per United States Magistrate Judge Wallace W. Dixon, permitted Plaintiff to proceed as a pauper. (Docket Entries 3, 8.) After Defendants answered (Docket Entry 15), the Court, per United States Magistrate Judge P. Trevor Sharp, entered a Scheduling Order (Docket Entry 16). During the allotted discovery period, Plaintiff filed the instant Motion "pursuant to rule 35 of civil procedure." (Docket Entry at 1.) In it, he "moves to be examined by a 'NON' prison oryented [sic] or affiliated licensed dentist who is licensed in the dentistry field." (Id.) Plaintiff also seeks "to obtain a report detailing the extent of the injurys [sic] to [his] mouth resulting from [his] incident where [he] fell out of the transport van on 6/3/2010 in the Central Prison Garodge [sic]/sallyport area." (Id.)

## DISCUSSION

"Plaintiff cites to Rule 35 of the Federal Rules of Civil Procedure as authority in support of his request. Rule 35 empowers a court to 'order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.'" Melton v. Simmons, No. 1:08CV458-3-MU, 2009 WL 454619, at *1 (W.D.N.C. Feb. 23, 2009) (unpublished) (ellipses in original) (quoting Fed. R. Civ. P. 35(a)(1)). "However, Rule 35 'does not vest the court with

authority to appoint an expert to examine a party wishing an examination of himself.'" Id. (quoting Brown v. United States, 74 Fed. Appx. 611, 614 (7th Cir. 2003)). Further, "[t]he language in Rule 35 authorizing courts to order a party to 'produce for examination a person who is in its custody or under its legal control' allows courts to compel a parent, guardian or other person suing to recover injuries to a minor or other person under his or her control to produce such minor or other person on the motion of an opposing party; it is not intended for a situation where a prisoner-plaintiff wishes an examination of himself." Paiva v. Bansal, No. 10-179 S, 2011 WL 1595425, at *1 (D.R.I. Apr. 27, 2011) (unpublished) (quoting Fed. R. Civ. P. 35(a)(1)) (citing 8A Charles Alan Wright, et al., Federal Practice & Procedure § 2233 (2d ed. 1994)); accord Lindell v. Daley, No. 02-C-459-C, 2003 WL 23111624, at *1-2 (W.D. Wis. June 30, 2003) (unpublished).

"Additionally, [P]laintiff does not indicate who will bear the cost for the proposed examinations. Regardless, no civil litigant, even an indigent one, has a legal right to such aid." Smith v. Carroll, 602 F. Supp. 2d 521, 526 (D. Del. 2009); accord, e.g., Brown, 74 Fed. Appx. at 614-15 ("[The plaintiff] seeks to compel the government to bear the cost of and responsibility for hiring an expert witness to testify on his behalf . . . . [N]o civil litigant, even an indigent one, has a legal right to such aid."); Pedraza v. Jones, 71 F.3d 194, 196 (5th Cir. 1995) ("The plain

-4-

language of [28 U.S.C. §] 1915 does not provide for the appointment of expert witnesses to aid an indigent litigant."); Boring v. Kozakiewicz, 833 F.2d 468, 474 (8th Cir. 1987) ("Although plaintiffs complained that the district court wrongfully refused to pay for an expert medical witness, they fail to point to any legislative provision for such funds. Congress has authorized the courts to waive prepayment of such items as filing fees and transcripts if a party qualifies to proceed in forma pauperis. However, we have been directed to no statutory authority nor to any appropriation to which the courts may look for payment of expert witness fees in civil suits for damages." (internal citations omitted)); Paiva, 2011 WL 1595425, at *2 ("[A]lthough Plaintiff is proceeding *in forma pauperis*, he may not use Rule 35 to obtain an expert medical witness at the Court's expense."); James v. Scarborough, No. 1:10-2794-HMH-SVH, 2011 WL 5508821, at *1 (D.S.C. Nov. 10, 2011) (unpublished) ("Although Plaintiff has been granted in forma pauperis status, it is well-settled that a grant of such status does not mean that an 'in forma pauperis plaintiff's discovery or other court costs either are underwritten or are waived.'" (internal brackets omitted) (quoting Badman v. Stark, 139 F.R.D. 601, 604 (M.D. Pa. 1991))); Holloway v. Lott, No. 4:08-cv-00821-GTE, 2009 WL 2778665, at *1 (E.D. Ark. Aug. 28, 2009) (unpublished) ("[N]either 28 U.S.C. § 1915 nor Rule 35 of the

Federal Rules of Civil Procedure authorizes courts to pay for tests, consultation, or examination by private physicians.").

Nor would the Court reach a different result if, rather than Federal Rule of Civil Procedure 35, Plaintiff had invoked Federal Rule of Evidence 706. The latter rule provides that, "[o]n a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations. The court may appoint any expert that the parties agree on and any of its own choosing." Fed. R. Evid. 706(a). Any expert so appointed "must advise the parties of any findings the expert makes" and becomes subject to possible examination by deposition or at trial. Fed. R. Evid. 706(b). "The expert is entitled to a reasonable compensation, as set by the court. The compensation is payable . . . in any . . . civil case [other than one involving just compensation under the Fifth Amendment], by the parties in the proportion and at the time that the court directs -- and the compensation is then charged like other costs." Fed. R. Evid. 706(c).

Some circuit courts "have found that a district court may exercise its discretion under [Federal Rule of Evidence] 706 to appoint an expert . . . and to have the fees for that expert born entirely by one party." Hannah v. United States, 523 F.3d 597, 601 n.2 (5th Cir. 2008) (citing decisions from the Sixth, Seventh,

Eighth, and Ninth Circuits).[1]  However, "[t]hese cases do not suggest that a district court can be compelled to act under [Federal Rule of Evidence] 706 or that the district court . . . [would] abuse[] its discretion in denying an expert."  Id. Moreover, "[Federal] Rule [of Evidence] 706 contemplates the appointment of an expert to aid the court."  Id. at 601; accord Paiva, 2011 WL 1595425, at *3 ("[T]he purpose of [Federal] Rule [of Evidence] 706 is to assist the factfinding of the court, not to benefit a particular party."); Anderson v. United States, No. 1:05-0876, 2009 WL 2044670, at *1 (S.D.W. Va. July 8, 2009) (unpublished) ("The appointment of an expert pursuant to [Federal] Rule [of Evidence] 706 is not intended to further partisan interests of any party, but to aid the Court . . . ." (internal quotation marks omitted)), reconsideration denied, 2009 WL 2215087 (S.D.W. Va. July 20, 2009) (unpublished).  Plaintiff has not offered any explanation for how the appointment of a dental expert would aid the Court in this case.  (See Docket Entry 22.)

---

[1] In one unpublished decision, the Fourth Circuit cited with approval the Eighth Circuit decision identified in Hannah.  See Jenkins v. McCoy, 35 F.3d 556 (table), 1994 WL 501983, at *4 (4th Cir. Sept. 14, 1994) (unpublished) ("McCoy also argues that the trial court abused its discretion in requiring him to pay witness fees for trial witnesses subpoenaed by Jenkins.  In U.S. Marshal's [sic] Service v. Means, 741 F.2d 1053, 1059 (8th Cir. 1984), the Court held that F.R.E. 706(b) (compensation for court-appointed experts) is an equitable procedure which the District Court has discretion to use. . . .  Given the Court's holding in Means, the trial Court in the instant case did not abuse its discretion.").

In fact, Plaintiff's instant Motion makes clear that he "seeks an expert for his own benefit," Hannah, 523 F.3d at 600, not the Court's, and, in addition, fails to explain why he needs the requested expert evaluation. (See Docket Entry 22.) In this regard, Plaintiff's Complaint alleges that he has received extensive dental treatment as a result of his alleged injury at Defendants' hands (see Docket Entry 2 at 5-6), but Plaintiff's instant Motion does not indicate why the records of such treatment and/or testimony by those dentists insufficiently would show "the extent of the injurys [sic] to [Plaintiff's] mouth resulting from [his] incident where [he] fell out of the transport van" (Docket Entry 22 at 1). (See id.) Even courts "holding that [a] district court may order . . . a party[] to advance the fees and expenses of . . . expert witnesses called by the court, such fees and expenses later to be taxed as costs, [have] strongly emphasize[d] that this discretionary power is to be exercised only under compelling circumstances." United States Marshals Serv. v. Means, 741 F.2d 1053, 1059 (8th Cir. 1984) (en banc) (emphasis added) (internal footnote omitted). In this case, Plaintiff "has not requested appointment of an expert pursuant to Federal Rule of Evidence 706 and this [C]ourt finds no compelling circumstances requiring one," Sanchez-Angeles v. United States, No. 7:07-cv-00596, 2008 WL 2704309, at *6 n.7 (W.D. Va. July 10, 2008) (unpublished), particularly given Plaintiff's failure to explain why he cannot

obtain the evidence he requires via the records and/or testimony of dentists who treated him for his alleged injury. See, e.g., Paiva, 2011 WL 1595425, at *3 ("Plaintiff has not described any attempts to obtain . . . testimony from his former doctors . . . . Plaintiff, therefore, has not shown that the Court should exercise its discretion to appoint an expert in this action.")

CONCLUSION

Federal Rule of Civil Procedure 35 does not provide a basis for the Court to compel a dental examination of Plaintiff at his request despite his indigence. In addition, Federal Rule of Evidence 706 affords no basis for such action given that Plaintiff neither has shown that appointment of a dentist to examine Plaintiff would benefit the Court nor that other compelling circumstances exist to warrant judicial intervention of that sort.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Physical and Mental Examination of Persons (Docket Entry 22) is **DENIED.**

This the 6th day of April, 2012.

/S/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**