IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DERRICK JAVON LINDSAY,            )
                                  )
        Plaintiff,                )
                                  )
    v.                            )      1:11CV67
                                  )
ROBERT C. LEWIS, et al.,          )
                                  )
        Defendants.               )

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff's filing entitled "Subpoena in a Civil Case," which states in its entirety: "[Plaintiff] moves this court pursuant to rule 45 of the Federal Rules of Civil procedure for an issuance of a SUBPOENA. Plaintiff request [sic] a SUBPOENA so that it may be served on the defendants." (Docket Entry 27 at 1 (capitalization as in original).) For the reasons that follow, the Court will direct the Clerk to send Plaintiff signed subpoenas requiring the presence of each Defendant at the scheduled trial of this matter; however, the Court will not order the United States Marshals Service to serve any such subpoena(s) unless Plaintiff returns them to the Clerk's Office along with a $40 attendance fee and travel expenses for one day for each returned subpoena.

BACKGROUND

This case began when Plaintiff, a state prisoner, filed a pro se form Complaint under 42 U.S.C. § 1983 (Docket Entry 2), along with a request to proceed as a pauper (Docket Entry 1). The Complaint named as Defendants: 1) Robert C. Lewis, the "Director of Prisons" for North Carolina's then-Department of Correction (Docket Entry 2 at 2); 2) "S. Patterson, Sargeant [sic], Scotland Correctional Institution" (id.); 3) "M. Martin, Transport Officer, Scotland Correctional Institution" (id.); 4) "Joel Harron, Superintendent, Scotland Correctional Institution" (id.); 5) "Eric Jones, Sargeant [sic] of Transportation, Scotland Correctional Institution" (id. at 3); and 6) Alvin Keller, Jr., "Secretary" of North Carolina's then-Department of Correction (id.).

The Court, per United States Magistrate Judge Wallace W. Dixon, allowed Plaintiff to proceed as a pauper. (Docket Entries 3, 8.) Upon Defendants answering (Docket Entry 15), the Court, per United States Magistrate Judge P. Trevor Sharp, entered a Scheduling Order (Docket Entry 16), which permitted discovery until March 15, 2012 (id. at 1). After the close of the discovery period and the passing of the dispositive motions deadline set by M.D.N.C. LR 56.1(b) without the filing of same, Plaintiff submitted his instant subpoena request (see Docket Entry 27 at 1) and the Court

Case 1:11-cv-00067-TDS-LPA Document 29 Filed 05/29/12 Page 2 of 8

set the case for trial during the April 2013 Master Calendar Term that commences April 1, 2013 (see Docket Entry 28 at 1).

## DISCUSSION

Plaintiff has indicated that he seeks subpoenas for service on Defendants. (Docket Entry 27 at 1.) In general, "[t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it." Fed. R. Civ. P. 45(a)(3). "That party [then] must complete [the subpoena] before service." Id. However, a litigant may not use a subpoena for discovery purposes after the close of discovery. See Fleetwood Transp. Corp. v. Packaging Corp. of Am., No. 1:11MC45, 2011 WL 6151479, at *1-2 (M.D.N.C. Dec. 12, 2011) (unpublished). Accordingly, because the discovery deadline passed before Plaintiff filed his instant request, the Court will not send Plaintiff signed subpoenas in blank, which he then could complete in a manner designed to obtain discovery from Defendants.[1]

Instead, the Court will direct the Clerk to send Plaintiff signed subpoenas that require the presence of each Defendant at the scheduled trial. See id. at *1 n.4 (noting propriety of Rule 45 subpoenas for trial); see also Anthony v. Owen, No. 08-10351, 2012

---

[1] Whether a party ever may use a Rule 45 subpoena to obtain discovery from another party remains an open question in this Circuit; "[t]he majority of courts, however, allow Rule 45 subpoenas to be served on parties as well as non-parties." Neel v. Mid-Atlantic of Fairfield, LLC, No. SAG-10-CV-405, 2012 WL 98558, at *1 (D. Md. Jan. 11, 2012) (unpublished). Given the untimeliness of this request, no need exists to consider that broader issue.

-3-

WL 691756, at *3 (E.D. Mich. Mar. 1, 2012) (unpublished) ("When a trial date has been set, if Plaintiff wishes to call any witness, he may seek court-issued subpoenas . . . as provided in Rule 45."); Edwards v. Logan, 38 F. Supp. 2d 463, 466 n.2 (W.D. Va. 1999) ("The Federal Rules of Civil Procedure do not require a party's presence at trial."). The Court, however, will not yet order the United States Marshals Service to serve such subpoenas.

"Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1); see also 28 U.S.C. § 1821(b) and (c)(2) (providing that "witness shall be paid an attendance fee of $40 per day" and mileage allowance prescribed by Administrator of General Services pursuant 5 U.S.C. § 5704). As a function of the above-referenced Orders granting Plaintiff pauper status, the Court "authorize[d] the commencement [and] prosecution . . . of [this] suit . . . without prepayment of fees or security therefor [by Plaintiff]," 28 U.S.C. § 1915(a)(1). Moreover, given Plaintiff's pauper status, "officers of the court shall issue and serve all process," 28 U.S.C. § 1915(d).

"Several courts of appeals have held that this language [in Section 1915] does not permit a waiver of the witness fees to be tendered with the subpoena." Tedder v. Odel, 890 F.2d 210, 211

-4-

(9th Cir. 1989) (following decisions of the Third, Sixth, Seventh, and Eighth Circuits in ruling that, "[a]lthough the plain language of section 1915 provides for service of process for an indigent's witnesses, it does not waive payment of fees or expenses for those witnesses"); accord Malik v. Lavalley, 994 F.2d 90, 90 (2d Cir. 1993) ("We agree with our sister circuits that no reading of 28 U.S.C. § 1915 supports the contention that Congress authorized the federal courts to waive or pay for [an indigent litigant's] witness fees."). The United States Court of Appeals for the Fourth Circuit has endorsed that view in an unpublished opinion. Douglas v. McCarty, 87 Fed. Appx. 299, 302 (4th Cir. 2003) ("We agree with the several circuits that have addressed the issue that federal courts are not authorized to waive or pay witness fees on behalf of an in forma pauperis civil litigant.") (citing, inter alia, Malik and Tedder). In light of this authority, this Court (like others) holds that, "[i]f Plaintiff seeks to have the subpoenas served by the United States [Marshals Service], he must submit an appropriate sum of money for [that agency] to tender to the witnesses with his subpoenas," Zaken v. Kelley, No. 8:07-CV-867-T-30EAJ, 2008 WL 5122201, at *1 (M.D. Fla. Dec. 5, 2008) (unpublished).

Moreover, although (unlike with witness fees) Plaintiff's pauper status and the terms of Section 1915(a) and (d) allow him to avoid prepaying "[t]he costs of service of the subpoenas by the

-5-

[United States Marshals Service] . . ., Plaintiff is warned that the costs of service are items of cost which may be taxed against the losing party after trial." Id. at *1 n.1; accord Tessen v. Lepak, No. 08CV556BBC, 2009 WL 564382, at *1 (W.D. Wis. Mar. 4, 2009) (unpublished); see also 28 U.S.C. § 1920 (stating that "judge or clerk of any court of the United States may tax as costs . . . [f]ees of the clerk and marshal"); 28 U.S.C. § 1921(a)(1) and (b) (declaring that United States Marshals Service "shall routinely collect, and a court may tax as costs, fees for . . . [s]erving a subpoena or summons for a witness" and authorizing Attorney General to "prescribe by regulation the fees to be [so] taxed and collected"); 28 C.F.R. § 0.114(a) and (e) (setting fees "United States Marshals Service shall routinely collect" for serving "process" and defining "process" to include "subpoena[s]"). Indeed, the in forma pauperis statute expressly states that "[j]udgment may be rendered for costs at the conclusion of the suit or action as in other proceedings," 28 U.S.C. § 1915(f)(1), and that, "[i]f the judgment against a prisoner includes the payment of costs . . ., the prisoner shall be required to pay the full amount . . . in the same manner as is provided for filing fees under [Section 1915(a)(2)]," 28 U.S.C. § 1915(f)(2). In other words, although "[Section] 1915 contemplates the postponement of [certain] fees and costs for litigants who are granted in forma pauperis

status[,] . . . a district court is empowered to award costs even when it has previously granted a litigant the benefit of [Section] 1915(a)." Flint v. Haynes, 651 F.2d 970, 972 & n.3 (4th Cir. 1981) (affirming taxation of costs against indigent prisoner, including "marshal's service of process fees").

CONCLUSION

Federal Rule of Civil Procedure 45(a)(3) generally requires the issuance of a subpoena upon request. Plaintiff, however, has no right to use a subpoena to conduct discovery after the close of the discovery period. Further, the Court's grant of pauper status to Plaintiff in this case does not entitle Plaintiff to service of subpoenas without pre-paying attendance fees and travel expenses.

**IT IS THEREFORE ORDERED** that Plaintiff's filing entitled "Subpoena in a Civil Case" requesting issuance of subpoenas for service on Defendants (Docket Entry 27) is **GRANTED IN PART AND DENIED IN PART** in that the Clerk's Office shall send to Plaintiff signed subpoenas requiring the presence of each Defendant at the scheduled trial of this matter, along with an estimate of the daily travel allowance for each Defendant under 28 U.S.C. § 1821(c)(2) calculated based on travel between 324 W. Market St., Greensboro, North Carolina, and 214 W. Jones St., Raleigh, North Carolina (for Defendants Lewis and Keller) and 22385 McGirt's Bridge Rd., Laurinburg, North Carolina (for Defendants Patterson, Martin,

Harron, and Jones), but the Court will not order the United States Marshals Service to serve any such subpoena(s) unless Plaintiff returns them to the Clerk's Office along with a payment covering the $40 single-day attendance fee and the single-day travel expenses estimated by the Clerk's Office for each returned subpoena. In the event Plaintiff returns a subpoena with the appropriate payment to the Clerk's Office, the Clerk's Office shall refer the matter to the assigned United States Magistrate Judge for further action to attempt to minimize the accrual of service fees of the United States Marshals Service that, although not due in advance from Plaintiff, will become subject to taxation as costs.

This the 29th day of May, 2012.

                                      /s/ L. Patrick Auld
                                        **L. Patrick Auld**
                            **United States Magistrate Judge**